## No. 9199.

### F. A. LAMBERT VS. PIERRE SALOY.

In a pursuit by numerous creditors of their common debtor's property, the creditor, who has recourse to a revocatory action in order to annul a fraudulent transfer of his property by the debtor, will obtain no preference over the other creditors, by reason of his revocatory action, if it appears from the evidence that the attacked transaction was not only fraudulent but also simulated and unreal. In such a case the creditors who ignored the pretended transfer and who proceeded by attachment will have priority.

A creditor's claim for vendor's privilege will not be recognized if he has allowed the goods on which he claims the same to be sold confusedly with a mass of other things belonging to his purchaser, and if he fails to identify his goods.

APPEAL from the Civil District Court for the Parish of Orleans, Houston, J.

*Singleton, Browne and Choate* for Plaintiff and Appellee.
*Chas. Louque* on the same side.
*F. D. Cretien, A. Voorhies, R. G. Harris and A. Shaw* contra.

The opinion of the Court was delivered by

POCHÉ, J. This controversy involves the question of a proper distribution of the funds realized from the sale of the defendant Saloy's property, consisting of a piece of immovable property and of a stock of goods, which had been attached by several of his creditors, and which was sold by the sheriff in execution of numerous judgments rendered against said defendant.

The main contention hinges on the claim of the appellant Firmin Pintat who urges a right of priority over the proceeds by reason of a revocatory action which he had instituted for the nullity of a fraudu-

lent transfer made by the defendant of all his property to his brother-in-law, a few days before the first legal proceedings were instituted against him.

Pintat's action resulted in a judgment annulling the sale, on the ground of its fraudulent character; but, in the meantime, the other creditors of Saloy, treating his pretended transaction to his brother-in-law as a bald simulation and as an absolute nullity, had proceeded against the property, some by attachment and others by sequestration.

The pivotal question in that branch of the case involves a decision of the real character of the transaction between the defendant, Saloy, and his brother-in-law.

The appellant, Pintat, contends that the transaction was a real but a fraudulent sale, by the effect of which the property went out of the possession of the debtor, and beyond the reach of his creditors, until it was returned to his ownership, and became subject to his creditors action, under the effect of the judgment rendered on his revocatory action. Hence, his contention for payment by preference over all the other creditors.

Appellees, on the other hand, contend that the transaction between the debtor and his pretended vendee was a mere simulation and conveyed no title to the pretended purchaser, and that, therefore, the attaching creditors should be paid, as the District Judge decided, in the order of their respective attachments.

This contention finds ample support in the evidence which shows to our entire satisfaction, that the transaction of September 23, 1883, between Saloy and his brother-in-law, was a mere scheme to screen the dishonest debtor's property from the pursuit of his creditors, and that neither party ever intended that the pretended sale should transfer any part of the property to the ownership or possession and control of the pretended purchaser. We are thoroughly satisfied that there was no valid consideration for the pretended sale, and that the ostensible purchaser never considered himself as the owner of any portion of the property which he himself values at $6,000, and which he pretends to have purchased for $1,000, represented by a promissory note of Saloy, which he held. The District Judge correctly held the transaction as an absolute nullity, the fraudulent character of which can only be equaled by the boldness of the conception.

It is, therefore, clear that, as the debtor had not been divested of his ownership, or of his possession of the property, no effect could follow the revocatory action of appellant, and that he was entitled to no pre-

ference in consequence thereof. The property was, therefore, duly and legally affected by the other creditor's attachments, in the order of their dates, and appellant's only privilege is derived from the attachment which he himself sued out after the property had been formally surrendered to Saloy's creditors by the pretended purchaser, who discovered that it was not safe for him to carry further the weight of Saloy's iniquitous and fraudulent designs.

We find no error in the judgment appealed from on the score of the preference which is allowed to the suing creditors over Pintat, the appellant.

But his complaint of the erroneous recognition of a vendor's privilege in favor of John Jacob is well founded. Under our analysis of the evidence it is clear that Jacob utterly failed to legally identify the goods on which he claimed a vendor's privilege, which he had sold to Saloy, and which were sold by the sheriff confusedly with a mass of other things belonging to Saloy. (C. C. 3228). As Jacob, who intervened for the purpoee of enforcing his alleged vendor's privilege, had sued out no attachment or other conservatory writ, he is an ordinary judgment creditor, and must yield to Pintat under the effect of the latter's attachment.

The judgment appealed from is therefore amended in so far as it gives any preference to John Jacob over Firmin Pintat; the claim of said Jacob is hereby reduced to the rank of an ordinary judgment, to be paid after the claim of the appellant, Pintat, in case there be sufficient funds for the payment of the same. And it is ordered that said judgment as thus amended be affirmed, costs of appeal to be paid by John Jacob.

Rehearing refused.